```
        _____ FILED        _____ RECEIVED
        _____ ENTERED      _____ SERVED ON
                          COUNSEL/PARTIES OF RECORD

                    JAN 20 2011

                CLERK US DISTRICT COURT
                  DISTRICT OF NEVADA
        BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| S. BURKE SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 3:10-cv-00553-RCJ-RAM |
| HOME123 CORP. et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |
| _____ | ) | |

This is a standard foreclosure case involving one property.  The Complaint is a fifty-seven-page MERS-conspiracy-type complaint listing fourteen causes of action.  The case is not part of MDL Case No. 2119.  Two motions are pending before the Court: a motion to remand, and a motion to dismiss or for summary judgment and to expunge the lis pendens.

## I.    THE PROPERTY

Plaintiff S. Burke Smith gave a $150,300 mortgage to Home 123 Corp. to purchase an investment Property[1] at 1269 Goldeneye Dr., Fallon, NV 89406. (*See* Deed of Trust ("DOT") 1–3, Sept. 26, 2006, ECF No. 5-1, at 17).  The trustee was First American Title Insurance Co. ("First American") (*Id.* 2).  Plaintiff was in default in the amount of $6509.07 as of July 20,

---

[1]Mr. Smith has similar actions pending before this Court on at least two other properties in Fallon, and documents filed in those cases indicate his residence when he purchased those properties was on Bobby Way, which is not the street on which any of the subject properties are located.

1   2009. (*See* Notice of Default ("NOD") 1, July 20, 2009, ECF No. 5-2, at 38).   National Default

2   Servicing Corp. ("NDSC"), as agent or Select Portfolio Servicing ("SPS"), f.k.a. Fairbanks

3   Capital Corp., filed the NOD (*See id.* 2).   SPS, as agent for DLJ Mortgage Capital, Inc. ("DLJ"),

4   substituted NDSC for First American on August 11, 2009, after NDSC filed the NOD. (*See*

5   Substitution of Trustee, Aug. 11, 2009, ECF No. 5-3, at 5).   This indicates a statutorily defective

6   foreclosure. *See* Nev. Rev. Stat. § 107.080(2)(c).   The Property was sold on June 8, 2010.

7   (*See* Trustee's Deed 2, June 9, 2010, ECF No. 5-3, at 15).   NDSC had obtained a certificate from

8   the Nevada Foreclosure Mediation Program indicating no request was made or the grantor

9   waived mediation. (*See* Certificate, Nov. 9, 2009, ECF No. 5-3, at 7).

10      MERS purported to transfer "all beneficial interest under [the DOT]" to DLJ on August

11   13, 2009. (*See* Assignment of DOT, Aug. 14, 2009, ECF No. 5-3, at 2).   Regardless of the

12   language in the DOT, MERS is not in fact the beneficiary because it does not own the debt.

13   MERS also does not have the ability to transfer the interest in the loan without more evidence of

14   its agency on behalf of Home123 in this regard than being named as nominee on the DOT.   In

15   other words, based on the evidence produced, the DOT remains with Home123 at this point, or

16   with whatever entity currently holds the note, by operation of law.   DLJ probably has a worthless

17   piece of paper, because it has an "assigned" deed of trust without having had the note that the

18   deed of trust secures negotiated to it. *See Rodney v. Ariz. Bank*, 836 P.2d 434, 436 (Ariz. App.

19   1992) (quoting *Hill v. Favour*, 52 Ariz. 561, 568 (1938)); *Ord v. McKee*, 5 Cal. 515, 515 (1855)

20   ("A mortgage is a mere incident to the debt which it secures, and follows the transfer of the note

21   with the full effect of a regular assignment.").   MERS purported in the "Assignment of Deed of

22   Trust" to transfer the "beneficial interest" to DLJ for value, which would in fact give DLJ the

23   right to enforce the note even without negotiation, *see* Nev. Rev. Stat. § 104.3203(2), but MERS

24

25

Page 2 of 6

1   likely did not have the ability to make such a transfer.[2]  The foreclosure may have been

2   statutorily invalid because NDSC filed the NOD, and although it had been substituted as trustee,

3   it was substituted in by DLJ, which may not have had the beneficial interest because MERS was

4   not able to transfer it to DLJ by merely purporting to assign the deed of trust.  Furthermore, DLJ

5   did not even purport to substitute NDSC as trustee until August 11, 2009, three weeks *after*

6   NDSC had already filed the NOD, and MERS did not even purport to transfer the beneficial

7   interest in the loan from Home123 to DLJ until August 13, 2009, two days *after* DLJ purported

8   to substitute NDSC as trustee.  In summary, it appears that NDSC filed the NOD, then DLJ

9   substituted NDSC as trustee, then MERS transferred the beneficial interest in the loan to DLJ.

10   This is perfectly backwards.

11   **II.**    **ANALYSIS**

12       The Court denies the motion to remand, as there is diversity jurisdiction.  The only non-

13   diverse Defendant is Rhonda L. Johnson, who is fraudulently joined because she is not alleged to

14   have had any hand in the origination or servicing of the loan, but was only an escrow officer.

15   Nor is she alleged to have had any hand in the foreclosure process.  Also, doe defendants are

16   ignored for the purposes of diversity. 28 U.S.C. § 1441(a) ("For purposes of removal under this

17   chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Cripps*

18   *v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) (citing *id.*); *Bryant v. Ford Motor*

19   *Co. (Bryant II)*, 886 F.2d 1526, 1528 (9th Cir. 1989) (citing *id.*) ("Congress obviously reached

20   the conclusion that doe defendants should not defeat diversity jurisdiction."), *cert. denied*, 493

21   U.S. 1076 (1990).  The 1988 amendment to § 1441(a) that established the current rule overruled

22   the Ninth Circuit's 1987 ruling in *Bryant I. Cripps*, 980 F.2d at 1266 & n.5 (citing *Bryant v.*

23

---

24      [2]Defendants could cure this defect via an affidavit from Home123 indicating that

25   Home123 specifically commanded MERS to transfer Home123's interest in the note to DLJ, or that MERS' agency for Home123 extended this far as a general matter.

1   *Ford Motor Co. (Bryant I)*, 832 F.2d 1080, 1082–83 (9th Cir. 1987) (en banc)).

2       Next, the subject matter of the lawsuit is the $150,300 loan and the property securing it.

3   The loan is in default and in fact the property has been sold. Plaintiff seeks to invalidate the

4   completed transfer of the property and also to prevent any future foreclosure. If Plaintiff were to

5   win all his claims as pled, Defendants would lose more than $75,000 in property and potentially

6   be left with no security interest in the property. The amount-in-controversy requirement is

7   satisfied.

8       Furthermore, rather than responding to the motions to dismiss, Plaintiff's counsel, as he

9   typically does in these cases, has filed a "Notice of Intent to Withhold Response to Motion to

10   Dismiss Pending Ruling on Motion to Remand to State Court." This constitutes consent to

11   granting the motions. Local R. Civ. Prac. 7-2(d). Counsel has no authority to institute a partial

12   stay of a case unilaterally, which is what these notices essentially purport to do. And the

13   requirement to file an opposition is not a "burden" imposed by a potentially improper removal,

14   as counsel has argued in other similar cases, because Defendants surely would have filed the

15   same motions to dismiss had the case not been removed. In fact, Plaintiff would only have had

16   ten (10) days to respond to those motions in state court before failure to respond constituted

17   consent to granting the motions, whereas he had fifteen (15) days to respond in this Court.

18   *Compare* Nev. Dist. Ct. R. 13(3), *with* Local R. Civ. Prac. 7-2(b). Removal therefore had the

19   effect of giving Plaintiff an additional five days to respond to these inevitable motions to

20   dismiss, in addition to the delay in Defendants' filing of the motions created by the removal

21   process itself. There is simply no legitimate excuse for failing to respond. In addition to

22   constituting consent to grant the motions to dismiss under Local Rule 7-2(d), this willful failure

23   to respond to dispositive motions might violate Nevada Rule of Professional Conduct 1.1, which

24   requires competent representation. In any case, the affirmative causes of action pled are without

25   merit. The only claim surviving dismissal is for injunctive relief due to statutorily defective

1 foreclosure.

2 **CONCLUSION**

3      IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 3) is DENIED.

4      IT IS FURTHER ORDERED that the Motion to Dismiss, or in the Alternative, for

5 Summary Judgment, and to Expunge Lis Pendens (ECF No. 5) is GRANTED in part and

6 DENIED in part. All claims are dismissed except the claim for injunctive relief due to

7 statutorily defective foreclosure, and the Court will not expunge the lis pendens at this time.

8      IT IS FURTHER ORDERED that Defendants will not transfer or lease the Property or

9 take any action to evict Plaintiff or his tenants, if any, from the Property for one-hundred (100)

10 days. During this period, Plaintiff will make full, regular monthly payments under the note

11 every thirty (30) days, with the first payment due ten (10) days after the date of this order. The

12 amount of each payment will be according to the monthly payment as of the date of the NOD.

13 Failure to make monthly payments during the injunction period will result in a lifting of the

14 injunction. Plaintiff need not pay late fees or cure the entire amount of past default at this time

15 but may be required in equity to cure the entire past default as a condition of any future

16 permanent injunction voiding the trustee's sale.

17      IT IS FURTHER ORDERED that during the injunction period the parties will engage in

18 the state Foreclosure Mediation Program, if available. If not available, Defendants will conduct

19 a private mediation with Plaintiff in good faith. The beneficiary must send a representative to

20 the mediation with actual authority to modify the note, although actual modification is not

21 required. Plaintiff will provide requested information to Defendants in advance of the mediation

22 in good faith.

23      IT IS FURTHER ORDERED that Plaintiff will enter into the record within ten (10) days

24 an affidavit accounting for any and all rents collected from the Property since the date of his last

25 full mortgage payment.

1        IT IS SO ORDERED.

2

3   Dated this 19th day of January, 2011.

4

5                         ROBERT C. JONES
                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25