

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| S. BURKE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00553-RCJ-RAM |
| vs. | ) | |
| | ) | |
| HOME123 CORP. et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a foreclosure case involving one property. The Complaint is a fifty-seven-page MERS-conspiracy-type complaint listing fourteen causes of action. The case is not part of MDL Case No. 2119. Two motions are pending before the Court: a motion to dismiss and a motion to reconsider.

Finding that the sequence of events leading to the foreclosure in this case was statutorily improper if true, the Court granted a previous motion to dismiss as to the affirmative causes of action but denied the motion as to the claim for injunctive relief due to statutorily defective foreclosure. The Court also denied a motion to remand, because the only non-diverse Defendant had been fraudulently joined. That Defendant, Rhonda L. Johnson, has now filed her own motion to dismiss, which several Defendants have joined, and to which Plaintiff has not responded. The Court grants that motion.

Additionally, Plaintiff has filed a motion to reconsider. Plaintiff argues that he was not

1  required to respond to the previous motion to dismiss because the Court had not yet ruled on his
2  motion to remand. He also argues that he did indeed respond, because although he made no
3  substantive response to the motion, he filed "points and authorities," which is all the local rule
4  requires. The response was entitled "Response to Motion to Dismiss Intent to Withhold
5  Opposition to Dismiss Pending Ruling on Motion for Remand." Plaintiff explicitly failed to
6  object to the motion to dismiss in substance or form. Plaintiff also argues that the reason the
7  local rule requires "points and authorities" as opposed to "an opposition" is so plaintiffs who
8  may desire a remand need not argue under federal law and federal rules in the meantime.
9  Plaintiff fails to note that state substantive law applies in federal court in diversity cases such as
10 this one, and, as noted in the original order, Nevada's procedural rules actually give a plaintiff
11 less time to respond to a motion to dismiss than do the federal local rules. Next, Plaintiff argues
12 that it is improper for a federal court to rule on a dispositive motion before determining its
13 jurisdiction when challenged in a motion to remand. He is correct, but the Court did no such
14 thing. The Court determined the motions at the same time. Plaintiff not only had time to
15 respond in writing, but also made oral arguments, which did not convince the Court on the
16 merits. Had the Court determined jurisdiction was lacking, it would have granted the motion to
17 remand and denied the motion to dismiss for lack of jurisdiction. Plaintiff points to no law,
18 however, indicating that filing a motion to remand relieves a plaintiff from responding to a
19 pending dispositive motion in the meantime. Plaintiffs remain free to file motions to stay.
20 Plaintiff filed no such motion in this case, but simply indicated that he refused to respond until
21 the Court ruled on his motion to remand. As the Court noted in the order, a plaintiff may not
22 institute an automatic stay against dispositive motions by filing a motion to remand. The motion
23 to reconsider is denied.
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of February, 2011.

_____
ROBERT C. JONES
United States District Judge